AO 91 (Rev.11/11) Criminal Complaint

# United States District Court
## for the
## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 13, 2025

SEAN F. McAVOY, CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| *Plaintiff,* ) | |
| ) | Case No. 4:25-MJ-07126-ACE |
| v. ) | |
| VICTOR MARTIN LARA-LOPEZ, ) | |
| *Defendant.* ) | |
| ) | |

## CRIMINAL COMPLAINT

I, *Michael Pratt*, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the 13th of June, in the county of Franklin in the Eastern District of Washington, the defendant, Defendant VICTOR MARTIN LARA-LOPEZ violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 United States Code, Sections, 111(a), (b) | Assault on a Federal Officer (Count 1), |
| 18 United States Code, Sections, 111(a), (b) | Assault on a Federal Officer (Count 2) |

This complaint is based on these facts:

☒ Continued on the attached sheet.

_____
*Complainant's signature*

*Special Agent Michael Pratt, FBI*
_____
*Printed name and title*

☐ Sworn to before me and signed in my presence.
☐ Sworn to telephonically and signed electronically.

Date: June 13, 2025

City and state: Yakima , Washington

_____
*Judge's signature*

*Alexander C. Ekstrom, United States Magistrate Judge*
_____
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT AND CRIMINAL COMPLAINT

I, Michael Pratt, a Special Agent (SA) with the Federal Bureau of Investigation (FBI), having been duly sworn, hereby state as follows:

## INTRODUCTION

1. I make this affidavit in support of an application for an arrest warrant and criminal complaint charging VICTOR MARTIN LARA-LOPEZ with Assault on a Federal Officer, in violation of 18 U.S.C. §§ 111(a)(1), (b), occurring on June 13, 2025, in Pasco, Washington, in the Eastern District of Washington.

## SOURCES OF INFORMATION

2. The facts in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other agents, officers, and witnesses. Where statements made by other individuals (including other Special Agents and law enforcement officers) are referenced in this Affidavit, such statements are described in sum and substance and in relevant part. Similarly, where information contained in reports and other documents or records is referenced in this Affidavit, such information is also described in sum and substance and in relevant part.

3. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause for a criminal complaint and arrest warrant. My understanding of the facts and circumstances of the case may evolve as the investigation continues.

//

## AFFIANT BACKGROUND

4. I am a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI") and have been so employed since July 2008. I am an investigative or law enforcement officer of the United States, within the meaning of Title 18, United States Code, who is empowered by law to conduct investigations of, and to make arrests for offenses enumerated in Title 18, United States Code.

5. In June 2014, I was selected as a member of the FBI's Violent Gang Task Force in the Seattle Division, Richland Resident Agency. Since then, I have participated in numerous federal investigations, including cases involving drug trafficking, money laundering, and firearm violations. Currently, I investigate general criminal matters, including child pornography cases. I have received training and gained experience in interviewing techniques, arrest procedures, search warrant applications, the execution of searches and seizures, and various other criminal laws and procedures.

6. Prior to my assignment to the Seattle Division, I was assigned to the FBI's Los Angeles Division, Riverside Resident Agency as a member of the Inland Empire Joint Terrorism Task Force ("JTTF"). In this capacity, I investigated felony violations involving firearms, explosives, violent assault, and hate crimes. As a result of my experiences in these investigations, I am familiar with the motives, strategy, tactics, and methods of those engaged in these types of criminal activities

7. My experience includes interviewing victims, subjects, and witnesses, gathering documents, analyzing video footage, examining firearms for the purpose of determining classification under Title 18 U.S.C. Chapter 44 and whether they moved in interstate or foreign commerce, the execution of search and arrest warrants, conducting surveillance, and serving grand jury subpoenas.

8. I have also received training in complex investigations while attending the FBI SA Academy in Quantico, Virginia. As an FBI SA, I have served as the affiant on numerous search warrants, complaints, court orders, and arrest warrants.

9. Prior to my employment with the FBI, I earned a Bachelor of Science degree in Microbiology and a Master of Science degree in Microbiology.

## APPLICABLE STATUTES

10. I am investigating potential attempts and completed violations of 18 U.S.C. §§ 111(a)(1), (b), Assault on a Federal Officer. That offense is set forth as follows:

   a. 18 U.S.C. § 111(a)(1) prohibits a person from forcibly assaulting, resisting, impeding, intimidating or interfering with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties.

   b. 18 U.S.C. § 111(b) provides an enhanced penalty if in the commission of any acts described in subsection (a), a person uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, providing for a fine under this title or a term of imprisonment not more than 20 years, or both.

## STATEMENT OF PROBABLE CAUSE

11. Based on the facts described below, I have probable cause to believe that VICTOR MARTIN LARA-LOPEZ, has assaulted a federal officer, in violation of 18 U.S.C §§ 111(a)(1), (b).

12. The below facts are based upon reports and interviews conducted with Immigration and Customs Enforcement (ICE) Deportation Officers, photographs and other law enforcement reports.

13. On the morning of June 13, 2025, at approximately 4:55 AM, Immigration and Customs Enforcement (ICE) Deportation Officers (DOs) Kristopher Rankin and Christina Caballero were conducting surveillance in the area of 133 S. Elm Street, Pasco, Washington. They believed this to be a possible address for VICTOR MARTIN LARA-LOPEZ, who had an outstanding Administrative Warrant for Arrest of an Alien (Form I-200).

14. At approximately 5:00 AM, DO Rankin observed a white Ford F-350 pickup truck with the company name of "Top Flooring" on the side park across the street from the residence facing southbound on Elm Street. DO Rankin was unable to see the driver due to low daylight and the truck's tinted windows, but the truck bore the Washington license plate D86059F, which DO Rankin knew to be registered to VICTOR MARTIN LARA-LOPEZ. DO Caballero described the F-350 as an older model which had dual rear wheels. DO Rankin activated the emergency lights on his government vehicle and pulled in behind the F-350. DO Caballero activated the emergency lights on her government vehicle, a Dodge Durango, and pulled in front of the F-350 at an angle so as to prevent his departure. DO Caballero parked at approximately a 30-45 degree angle to the curb. Both VICTOR MARTIN LARA-LOPEZ and DO Rankin were parked parallel to the curb.

15. DOs Caballero and Rankin exited their vehicles and approached the front driver's side window of the F-350. Both DO Caballero and Rankin were wearing ICE-issued ballistic vests with prominent "POLICE" patches on the front and back. DO Rankin also had an ICE badge patch on the front of his vest. DO Caballero wore a face covering, while DO Rankin did not.

16. DO Rankin instructed the driver to roll down the window. The driver rolled the window down halfway and DO Rankin recognized the VICTOR MARTIN LARA-LOPEZ from a driver's license photograph he had seen previously. DO Rankin asked VICTOR MARTIN LARA-LOPEZ to turn off the F-350, as its diesel engine was loud and made conversation difficult. VICTOR MARTIN LARA-LOPEZ refused to turn off the vehicle. DO Rankin asked VICTOR MARTIN LARA-LOPEZ his name and if he could provide identification, but he refused. DO Caballero asked VICTOR MARTIN LARA-LOPEZ for his name in the Spanish language and he replied, "Why do you need my name?" in Spanish. DO Caballero again asked him in Spanish for his name or his identification, and VICTOR MARTIN LARA-LOPEZ replied, "You don't need my name" in Spanish. DO Caballero asked him in Spanish if his name was Victor Lara Lopez, and his eyes became wide and his head started to dart around. DO Caballero informed VICTOR MARTIN LARA-LOPEZ in Spanish that she and DO Rankin had a warrant for his arrest and asked him to step out of the vehicle. VICTOR MARTIN LARA-LOPEZ asked to see the warrant first, and DO Caballero said she would show him once he stepped out of the vehicle.

17. VICTOR MARTIN LARA-LOPEZ then attempted to roll up the window. DO Caballero stepped onto the vehicle's running board and attempted to keep the window down. VICTOR MARTIN LARA-LOPEZ took the vehicle out of park and into reverse and started to back up. DO Caballero reached through the window and extracted the keys from the ignition, but the vehicle did not turn off. Both DO Caballero and DO Rankin were struggling with VICTOR MARTIN LARA-LOPEZ through the driver's side window, which was half closed, to try to gain control of VICTOR MARTIN LARA-LOPEZ's hands and the steering wheel.

18. After traveling approximately one foot backward in the vehicle, VICTOR MARTIN LARA-LOPEZ shifted the truck into drive and began to drive forward. DOs Caballero and Rankin jumped backward to avoid being crushed between the F-350

and DO Caballero's vehicle. As VICTOR MARTIN LARA-LOPEZ traveled forward, he veered onto the sidewalk to the right, hitting DO Caballero's Dodge Durango and pulling its front bumper off completely. DOs Caballero and Rankin remained at the scene and did not pursue VICTOR MARTIN LARA-LOPEZ. They called Pasco Police Department for assistance.

19. Following the altercation, DO Rankin's supervisor noticed bruising on DO Rankin's left arm above the elbow. DO Rankin said that the bruises were new and that the injury was consistent with his arm being in the window of the F-350 either as it drove away or as he jumped back. Similarly, DO Caballero began to experience pain, stiffening, and loss of mobility in her left shoulder after the altercation. She also said that this was consistent with her left arm being in the window of the F-350 as it drove away.

## CONCLUSION

20. Based on the facts stated above, I respectfully submit that there is probable cause to believe that VICTOR MARTIN LARA-LOPEZ has assaulted a federal officer in violation of 18 U.S.C §§ 111(a)(1), (b). I respectfully request that the Court issue a criminal complaint and a warrant for his arrest.

_____
MICHAEL D PRATT, SPECIAL AGENT
Federal Bureau of Investigation

Sworn to telephonically and signed electronically on this 13th day of June, 2025.

_____
Alexander C. Ekstrom
United States Magistrate Judge

Affidavit of SA Michael Pratt - 4:25-MJ-07126-ACE
- 6 -